UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:18-CR-140 |
| | ) | |
| ANDREW ASSAD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Defendant, Peter Bolos, has moved the Court to declare this case complex for speedy trial purposes, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and to continue the trial outside the period for trial contemplated by the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B) [Doc. 34]. With the exception of Larry Everett Smith, Tanith Enterprises LLC, and ULD Wholesale LLC, the other Defendants have adopted Defendant Bolos' Motion [Docs. 43, 44, 59, 65]. Defendants Larry Everett Smith, Tanith Enterprises LLC, and ULD Wholesale LLC, however, each submitted a waiver in which they requested that the trial of this matter be set outside the Speedy Trial Act period to allow their counsel to adequately prepare their defenses [Docs. 67-69].

Defendant Bolos' Motion [Doc. 34] is **GRANTED**. The Court, having reviewed the docket, the motion and the parties' various submissions and having heard the arguments of counsel during the November 27, 2018, Scheduling Conference, finds this case to be extended and complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and excludes the time under the Speedy Trial Act from the date of the motion until the April 6, 2020 trial date. This case is so unusual and complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial

proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161. The ends of justice served by granting the motion and setting the case as provided for herein outweigh the best interest so the public and Defendants in setting a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The Court further sets the following deadlines and procedures for the progression of the case.

**I.    SCHEDULING DEADLINES**

The following deadlines govern herein:

|     | Date | Item |
| --- | --- | --- |
| (1) | 1/2/2019 | Deadline for government's disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(A) through (F) for evidence in the Government's possession at of the October 9, 2018, Indictment and with the continuing obligation to disclose Rule 16 materials. |
| (2) | 1/14/2019 | Deadline for motions pursuant to Fed. R. Crim. P. 21 |
| (3) | 1/28/2019 | Response to motions pursuant to Fed. R. Crim. P. 21 |
| (4) | 2/4/2019 | Replies to motions pursuant to Fed. R. Crim. P. 21 |
| (5) | **2/11/2019, 10:00 a.m.** | **Hearings on any motions pursuant to Fed. R. Crim. P. 21** |
| (6) | 2/25/2019 | Deadline for motions pursuant to Fed. R. Crim. P. 7 |
| (7) | 3/11/2019 | Responses to any motions pursuant to Fed. R. Crim. P. 7 |
| (8) | 3/18/2019 | Replies to any motions pursuant to Fed. R. Crim. P. 7 |
| (9) | **4/3/2019, 9:00 a.m.** | **Status conference; hearing on motions pursuant to Fed. R. Crim. P. 7** |

| | | |
|---|---|---|
| (10) | 4/10/2019 | Deadline for motions pursuant to Fed. R. Crim. P. 12(b)(3)(A), (B), and (D) |
| (11) | 5/22/2019 | Responses to any motions pursuant to Fed. R. Crim. P. 12(b)(3)(A), (B), and (D) |
| (12) | 6/5/2019 | Replies to any motions pursuant to Fed. R. Crim. P. 12(b)(3)(A), (B), and (D) |
| (13) | **6/19/2019, 9:00 a.m.** | **Hearing on motions pursuant to Fed. R. Crim. P. 7 and Fed. R. Crim. P. 12(b)(3)(A), (B), and (D); status conference** |
| (14) | 7/10/2019 | Government to begin rolling identification and production of case-in-chief trial exhibits; evidence that it may introduce at trial under Fed. R. Evid. 404(b) and/or is evidence of other acts of fraud or evidence which may be considered inextricably intertwined with the charged conspiracy; and agency interview memoranda |
| (15) | 7/29/2019 | Deadline for motions pursuant to Fed. R. Crim. 12(b)(3)(C) and (E) |
| (16) | 9/6/2019 | Responses to any motions pursuant to Fed. R. Crim. P. 12(b)(3)(C) and (E) |
| (17) | 9/20/2019 | Replies to any motions pursuant to Fed. R. Crim. P. 12(b)(3)(C) and (E) |
| (18) | **9/30/2019, 9:00 a.m.** | **Hearing on any motions pursuant to Fed. R. Crim. P. 12(b)(3)(C) and (E); status conference** |
| (19) | 10/1/2019 | Deadline for government's expert disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(G) |
| (20) | 10/28/2019 | Deadline for defendants' expert disclosures pursuant to Fed. R. Crim. P. 16(b)(1)(C) |
| (21) | 11/11/2019 | Deadline for motions related to expert disclosures |
| (22) | 12/2/2019 | Responses to any expert-related motions |

| | | |
|---|---|---|
| (23) | 12/9/2019 | Replies to any expert-related motions |
| (24) | **12/16/2019, 9:00 a.m.** | **Hearing on any expert-related motions; status conference** |
| (25) | 2/3/2020 | Deadline for government to identify and produce any case-in-chief trial exhibits; any evidence that it may introduce at trial under Fed. R. Evid. 404(b) and/or is evidence of other acts of fraud or evidence which may be considered inextricably intertwined with the charged conspiracy; and any Jencks Act material and agency interview memoranda of government case-in-chief witnesses; deadline for government to request stipulations |
| (26) | 2/3/2020 | Deadline for each defendant to identify any attorney(s) who may testify at trial in connection with an advice-of-counsel defense and to provide any statements or items pursuant to Fed. R. Crim. P. 26.2 and Fed. R. Evid. 612 containing, or pertinent to, legal advice (privileged or otherwise) given by or on behalf of such attorney(s) and to provide all communications to any such attorney from such defendant; deadline for each defendant electing to rely on advice of counsel defense to execute written waiver of privilege vis-à-vis relationship with testifying attorney |
| (27) | 2/10/2020 | Deadline for defendants to identify and produce preliminary case-in-chief trial exhibits; deadline for defendants to request preliminary stipulations; deadline for defendants to provide any preliminary statements or items pursuant to Fed. R. Crim. P. 26.2 and Fed. R. Evid. 612 (See Section XIII(D) for the earlier deadline that applies to the extent such material involves communications between any defendant and any attorney for purposes of obtaining legal advice) |
| (28) | 2/10/2020 | Plea cut-off for purposes of U.S.S.G. § 3E1.1(b). |
| (29) | 2/5/2020 | Deadline for government and defendants to sign written stipulations |
| (30) | 2/24/2020 | Deadline for motions *in limine* |
| (31) | 3/9/2020 | Responses to motions *in limine* |

| (32) | 3/13/2020 | Replies to motions *in limine* |
|---|---|---|
| (33) | **3/23/2020, 9:00 a.m.** | **Hearing on motions *in limine*** |
| (34) | 3/20/2020 | Submission of joint initial proposed jury instructions; deadline for defendants to identify and produce case-in-chief trial exhibits; deadline for defendants to provide any preliminary statements or items pursuant to Fed. R. Crim. P. 26.2 and Fed. R. Evid. 612 (See Section XIII(D) for the earlier deadline that applies to the extent such material involves communications between any defendant and any attorney for purposes of obtaining legal advice) |
| (35) | **3/23/2020, 9:00 a.m.** | **Final pretrial conference** |
| (36) | **4/6/2020, 9:00 a.m.** | **Trial** |

**The following additional requirements apply:**

    **A.**    Any motions listed in the schedule set forth in Section I may be filed in advance of the stated deadline and the party filing the motion may request a special hearing for the motion in advanced of the associated hearing date listed in the schedule.

    **B.**    The parties have acknowledged that the Defendants may need to amend their expert disclosures following the deadline for the government to identify and produce any case-in-chief trial exhibits; any evidence that it intends to introduce at trial under Fed. R. Evid. 404(b) and/or is evidence of other acts of fraud or evidence which may be considered inextricably intertwined with the charged conspiracy; and any Jencks Act material and agency interview memoranda of government case-in-chief witnesses; deadline for government to request stipulations. Notwithstanding the earlier deadline for motions regarding expert disclosures, the government shall be permitted to file, no later than motions regarding any such delayed defense expert disclosures.

    **C.**    The February 3, 2020 deadline for the government to produce case-in-chief trial exhibits shall not preclude the government from using (and identifying for the defendants) any: (i) items for purposes of responding to exhibits subsequently identified by any defendant for use in his or its case in chief; (ii) items for purposes of responding to cross-examination by any defendant's attorney; (iii) items the relevance of which was not apparent to members of the USATNE trial team by this

deadline; or (iv) items that come into the possession of the USATNE trial team (and not merely of the "government" generally or this USAO district) after this deadline. The defense is likewise not precluded from filing any motions related to those items.

**D.** The defendants agree that, the later general preliminary deadline for the defense to identify and produce Fed. R. Crim. P. 26.2 statements and Fed. R. Evid. 612 items for non-attorney witnesses notwithstanding, the February 3, 2020, deadline is a firm deadline for purposes of identifying attorneys who may testify as part of an advice of counsel defense and for disclosing all written or oral statements made by any such attorney(s) to any defendant(s) (and by such defendants to any such attorney) or otherwise used by such attorney(s) for purposes of refreshing his or her recollection as to any such legal advice.

## II. PURPOSE OF ORDER AND DUTY TO CONFER

The purpose of this Order is intended to eliminate the unnecessary filing of discovery motions. If there are disagreements regarding discovery issues, counsel for Defendant(s) shall make a request to the government for each item of discovery sought and be declined *prior* to the filing of any motion to compel discovery and must *certify* in the motion that they have conferred with opposing counsel, that they have been unable to resolve the issue by agreement, and that the matter concerns matters not covered by this order. The Court may deny without prejudice motions filed without the required certificate.

## III. DISCOVERY ORDER

The following subsections contain the Court's standard discovery requirements. To the extent any of the following subsections conflict with the scheduling order contents of Section I above, Section I controls.

**A. Defendant's Oral Statement.** Within five (5) days of receipt of a Defendant's request, the government must disclose to Defendant the discovery within the scope of Rule 16(a)(1)(A). Similarly, the government shall disclose to an organizational defendant the information required by Fed. R. Crim. P. 16(a)(1)(A) upon request by the organizational defendant.

**B. Written or Recorded Statements of Defendant.** Within five (5) days of receipt of a Defendant's request, the government must disclose to Defendant the discovery within the scope of Rule 16(a)(1)(B). Similarly, the government shall disclose to an organizational defendant the information required by Fed. R. Crim. P. 16(a)(1)(B) upon request by the organizational defendant.

**C. Prior Record of Defendant**. Within five (5) days of receipt of a Defendant's request, the government must disclose to the Defendant the discovery within the scope of Rule 16(a)(1)(D).

D.  **Documents and Objects.** Within five (5) days of receipt of a Defendant's request, the government must disclose to the Defendant the discovery within the scope of Rule 16(a)(1)(E).

E.  **Reports of Examinations and Tests.** Within five (5) days of receipt of Defendant's request, the government must disclose to Defendant the discovery within the scope of Rule 16(a)(1)(F).

F.  **Expert Witnesses**. Within five (5) days of receipt of Defendant's request, the government must disclose to Defendant the discovery within the scope of Rule 16(a)(1)(G).

G.  **Expert Witnesses regarding a Defendant's Mental Condition.** Defendant must within five (5) days of the government's request provide the government a written summary of testimony Defendant intends to offer as provided for in Rule 16(b)(1)(C).

If the government requests discovery under this paragraph (H), within five (5) days of Defendant's request, the government must provide a written summary of testimony the government intends to offer as provided for in Rule 16(a)(1)(G).

H.  **Expert Witnesses at Pretrial hearings – Five (5) Days' Notice Required.** If either the government or a Defendant intends to offer the testimony of an expert witness in conjunction with any pretrial hearing in order to give an opinion based upon scientific, technical, or other specialized knowledge, the party intending to utilize the witness shall notify opposing counsel at least five (5) business days prior to the hearing and furnish a written summary of the testimony which shall describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications.

I.  **Continuing Duty to Disclose.** It shall be the continuing duty of counsel for all parties to immediately reveal to opposing counsel all subsequently-discovered information or other material within the scope of this order or Rule 16.

J.  **Reciprocal Discovery Obligations**

   1. **Receipt of discovery treated as a request.** The government routinely provides defendants with discovery provided for under Rule 16(a)(1)(E) (relating to disclosure of documents and objects) and Rule 16(a)(1)(F)(relating to reports of examinations and tests) soon after the initial appearance. If the government provides Defendant(s) with such discovery, the Court will presume that Defendant(s) have requested the same under Rule 16(a)(1)(E) and (a)(1)(F), triggering reciprocal obligations under Rule 16(b)(1)(A) and (B).

2. **Opting Out of Discovery.** A Defendant who elects not to request disclosure as outlined herein or under both Fed. R. Crim. P. 16(a)(1)(E) (relating to documents and tangible objects) and under Rule 16(a)(1)(F) (relating to reports of examinations and tests), has no obligation to provide reciprocal discovery to the government pursuant to Rule 16(b)(1)(A) and Rule 16(b)(1)(B). However, if a Defendant receives discovery from the government, the Court will presume the Defendant requested it for purposes of determining Defendant's reciprocal discovery obligations.

K. *Brady* material

1. **Timing of Disclosure.** Within 14 days of the *arraignment*, except where the *Brady* material is covered by the Jencks Act, 18 U.S.C. § 3500, then the Jencks Act will control the timing of disclosure.

2. **Nature of Disclosure.** The government shall reveal to Defendant and permit the Defendant to inspect and copy all evidence known to the government which may be favorable to Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitley,* 514 U.S. 419 (1995).

L. *Giglio* material

1. **Timing of Disclosure.** Not later than 7 days prior to trial shall the material governed by this section be disclosed.

2. **Nature of Disclosure.** The government shall disclose to Defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses to the extent required by *Giglio v. United States*, 405 U.S. 150 (1972) (impeachment evidence) and *Napue v. Illinois,* 360 U.S. 264 (1959).

3. **Criminal Record of Witness.** For each witness who will testify for the government at trial, the government shall supply the defendant with a record of all prior convictions of the type that may be used to impeach a witness pursuant to Rule 609, Fed.R.Evid.

M. **Jencks Act Material**

1. **Duty to Comply.** All parties shall be prepared to comply with the Jencks Act, 18 U.S.C. § 3500 and Fed.R.Crim.P. 26.2 relating to the production of witness statements on demand after the witness has testified on direct examination.

2. **Early Disclosure.** To avoid disruptions in the progress of the trial, and perhaps even continuances of the trial, the Court strongly urges the government to reveal Jencks Act material to defense counsel before the commencement of trial. The parties may agree on – but the Court does not order – an earlier time for the exchange or production of Jencks Act and Rule 26.2 material.

N. **Identity of Defendant in a photo lineup**

1. **Timing of disclosure.** Within 14 days of arraignment.

2. **Nature of Disclosure.** The government shall state whether Defendant was identified in any lineup, show up, photo spread, or similar identification proceedings, and produce any pictures utilized or resulting therefrom.

IV. **PRESERVATION OF AGENT'S ROUGH NOTES.**

The Government shall advise its agents and officers involved in this matter to preserve all rough notes. Rough notes which contain the substance of any relevant oral statements made by Defendant before or after arrest in response to interrogation by a person Defendant knew was a government agent are subject to disclosure pursuant to Rule 16(a)(1)(B)(ii), Federal Rules of Criminal Procedure.

V. **ELECTRONIC SURVEILLANCE.**

A. **Timing of Notice.** Within 14 days of the date of this Order, the government shall state whether Defendant was an aggrieved person, as defined in 18 U.S.C. § 2510(11), of any electronic surveillance and, if so, shall set forth in detail the circumstances thereof.

B. **Contents of Notice.** Specifically, the government shall disclose to the defendant the nature and extent of the use of electronic surveillance (including wiretapping, consensual monitoring, body wires, tape recordings, transmission devices, videotape recordings, bank surveillance recordings, pen registers) or mail covers conducted by law enforcement officers or witnesses in investigating this case, and also disclose the existence of all recordings obtained and final transcripts made during the investigation, regardless of whether the government intends to use the recordings and transcripts in its case-in-chief.

VI. **FINGERPRINT ANALYSIS.**

Within five (5) days of the request by Defendant, the government shall provide the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a Government expert as those of Defendant.

## VII. PROCEDURE FOR RESOLVING OBJECTIONS TO AUDIO/VIDEO RECORDINGS.

   A.   **Need for Robinson hearing.**  If a Defendant files (1) a motion to exclude an audio or video recording because the allegedly inaudible and/or unintelligible portions of the recording are so substantial as to render the recording as a whole untrustworthy, or (2) a motion to prohibit the use of a transcript of a recording, then a "*Robinson*" hearing may be required. *See United States v. Robinson*, 707 F.2d 872 (6th Cir. 1983).

   If defense counsel believes that an entire recording should be excluded as untrustworthy under *Robinson,* a hearing will be held at the pretrial conference and motion hearing. Similarly, a hearing will be conducted at the same time regarding the accuracy of any transcript which is disputed by Defendant. If such a hearing is required, the government and the Clerk shall have available for the Court's use the audio and/or video equipment to be used at trial or comparable equipment. The parties shall notify the Magistrate Judge if such a hearing will in fact be needed.

   B.   **Duty to confer.**  Defendant's counsel will, not later than seven (7) days before the final pretrial conference, meet and confer with the government's counsel and identify what recording or portions of a recording the Defendant insists should be wholly excluded as untrustworthy under *Robinson.*

   C.   **Transcripts.**  If the government intends to prepare and submit transcripts of any recording, it shall submit those transcripts to defense counsel at the time the recording is reviewed so that any objections to such transcripts may be presented at the time of the *Robinson* hearing. Counsel shall review any transcripts contemporaneously with his/her review of the actual recordings and, on or before seven (7) days prior to the final pretrial conference, identify to the government's attorney all portions of the transcripts claimed to be inaccurate or unverifiable after listening to the recordings themselves.

   D.   **Resolution of Disagreements.**  The Court prefers the parties to stipulate to any transcript.  If a stipulation is not possible, the parties are to advise the Court accordingly and identify the areas of disagreement regarding the accuracy of the transcript and the Court will listen to the recordings with the transcript and made a pretrial determination.  Where portions of the recording are inaudible, the transcript should so reflect.  *United States v. Adams*, 722 F.3d 788, 824 (6th Cir. 2013).

## VIII. USE OF CO-CONSPIRATOR'S STATEMENTS AND REQUIREMENT OF GOVERNMENT TO FILE NOTICE OF INTENT TO USE.

The following subsections contain the Court's standard requirements regarding co-conspirator statements.  To the extent any of the following subsections conflict with the scheduling order contents of Section I above, Section I controls.

A. **Admissibility of Co-Conspirator Statements.** If the government intends to offer evidence under F.R.E. 801(d)(2)(E), then the admissibility of an alleged co-conspirator's statements under F.R.E. 801(d)(2)(E) will be determined in accordance with *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979); specifically, such statements will be admitted subject to a later demonstration during the trial by a preponderance of the evidence that the statements were made during the course and in furtherance of the conspiracy.

B. **Notice Required.** If the government intends to introduce a co-conspirator's statements under F.R.E. 801(d)(2)(E), the government shall file a notice not later than seven (7) days prior to the commencement of the trial. The notice must include the following: (1) the substance of the statements to be introduced under F.R.E. 801(d)(2)(E); (2) when those statements were made, where those statements were made, and to whom they were made; and (3) a summary of the evidence which the government will present to establish the existence of the conspiracy, that the declarant was a member of that conspiracy, and that the statements were made during and in furtherance of the conspiracy.

C. **Pre-trial contest to admissibility.** If Defendant intends to contest the admissibility of any statements offered under Fed.R.Evid. 801(d)(2)(E), prior to the commencement of the trial, Defendant shall file and serve upon the government's attorney a motion in which Defendant shall state the grounds and specify the reasons why the statements are not admissible under F.R.E. 801(d)(2)(E). A copy of such motion shall be delivered to the District Judge contemporaneously with its filing.

## IX. RULE 404(b) EVIDENCE

The following subsections contain the Court's standard requirements regarding Rule 404(b) evidence. To the extent any of the following subsections conflict with the scheduling order contents of Section I above, Section I controls.

A. **Timing of Notice.** Upon request by Defendant, the government shall provide notice at least seven (7) days in advance of trial, or during trial if the Court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial. Pretrial disclosure of such evidence will be excused where its use only becomes indicated due to events at trial or such evidence constitutes legitimate rebuttal evidence.

B. **Nature of Disclosure.** The government shall disclose as well as the general purpose of the evidence (e.g., proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). The government's written disclosure shall characterize Defendant's specific prior conduct to a degree that fairly apprises Defendant of its general nature.

## X. INSANITY DEFENSE

If a Defendant intends to assert a defense of insanity, Rule 12.2 of Fed. R. Crim. P., Defendant(s) shall submit the required written notification(s) by the April 10, 2019 deadline for the filing of Rule 12 motions.

## XI. FILING OF MOTIONS AND RESPONSES.

A. **Timing of filing Motions.** Motions shall be filed by the applicable deadline set forth in Section I. A response to a motion filed by either party shall be filed by the applicable response deadline. FAILURE TO RESPOND TO A MOTION MAY BE DEEMED A WAIVER OF ANY OPPOSITION TO THE RELIEF SOUGHT IN THE MOTION.

B. **Memorandum of Law Required.** All motions that require a brief shall be accompanied by a separate brief or they may be subject to summary denial. Local Rule 7.1.

C. **Evidentiary Hearings.** Motions will be decided in accordance with Local Rule 7.2; in this regard, the Court may rule upon any motion without a hearing thereon if such is deemed unnecessary by the Court, notwithstanding that a motion hearing has been scheduled.

D. **Motions to Suppress**

   1. **Requirement of specificity.** If Defendant files a motion to suppress a statement, or evidence seized as a result of a search (whether with or without a warrant), Defendant's motion shall (1) specify in detail each fact which Defendant claims requires suppression of the statement or evidence, and (2) the legal basis supporting suppression. *See, Franks v. Delaware*, 438 U.S. 154 (1978); *United States v. Giacalone,* 853 F.2d 470 (6th Cir. 1988); *United States v. Thompson*, 2001 WL 820905 (6th Cir. 2001).

   2. **Waiver.** Failure to raise the issue before the Magistrate Judge may constitute a waiver of the issue. For that reason, Defendant should raise every factual and legal issue which he claims requires suppression.

E. **Adoption of Motions of co-defendants**

   1. **Requirement of specificity.** If counsel files a motion to adopt any motions of one or more co-defendants, it should be specifically stated which motion(s) counsel wishes to so adopt.

   2. **General adoption reference.** Counsel shall not file a motion that merely

adopts, or requests to adopt, any or all motions of co-defendants.

F. **Untimely Motions.**

1. **Canceling of Pre-trial Conference and Motion Hearing.** If no motions are filed by the applicable motion deadline, the Court will cancel the motion hearing applicable to such deadline unless the parties require the Court to address any issues outstanding that were not subject to a motion hearing.

2. **Summary Denial.** Motions filed after a motion deadline may in the discretion of the District Judge or, where appropriate, the Magistrate Judge, be denied summarily as untimely.

G. **Presence of Defendants**

1. **Mandatory appearance at all evidentiary hearings.** Any Defendant who has filed a motion which requires the presentation of evidence must be present (or its representative must be present if the Defendant is an entity), along with his/its counsel. This requirement cannot be waived. The Clerk shall notify the U.S. Marshal of any Defendant who is in custody and who must be present in court.

2. **Optional Appearance.** Any Defendant who has filed no motions, or who has filed no motions that require the presentation of evidence, may attend the final pretrial conference or a motion hearing but is not required to do so. If such Defendant is incarcerated and wishes to attend the final pretrial conference/motion hearing, he must file a written request with the Clerk to so attend ten (10) days prior to the hearing to afford the U.S. Marshal's adequate time to make transportation arrangements.

## XII. STIPULATIONS.

Prior to trial and in accordance with the Section I deadlines as to stipulations, all counsel shall confer and shall make every possible effort in good faith to stipulate facts, the truth and existence of which are not contested, in order to expedite the trial of this matter.

No stipulation made by defense counsel shall be used against Defendant unless the stipulation is reduced to writing and *signed by Defendant (or Defendant's corporate representative as applicable*) and his/its counsel. It shall be the responsibility of the government's attorney to initiate contact with defense counsel regarding the possibility of stipulating uncontroverted facts as herein above described.

SO ORDERED:

s/ Clifton L. Corker
United States Magistrate Judge