UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 2:18-CR-140 |
| | ) | |
| ANDREW ASSAD, *et al.* | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' appeal of the Magistrate Judge's decision denying defendants' joint motion for a bill of particulars, [Doc. 141]. The United States has responded in opposition to the motion, [Doc. 157]. Also before the Court is defendants' appeal of the Magistrate Judge's decision denying defendants' joint motion to strike surplusage in the indictment, [Docs. 140, 142], and the United States' response, [Doc. 156]. These matters are ripe for review.

**I.    Background**

The eleven defendants are pharmacists, pharmacies, wholesalers, or managers who operated pharmacies. Defendants were charged by the grand jury in an October 9, 2018 indictment. [Doc. 1]. Count One alleges defendants conspired with each other, HealthRight, Scott Roix[1], and other persons and entities known to the grand jury to commit health care fraud in violation of 18 U.S.C. § 1349. [*Id.* at 1-36]. Counts Two to Thirty allege defendants committed mail fraud in violation of 18 U.S.C. § 1341. [*Id.* at 36-39]. Finally, Counts Thirty-One and Thirty-

---

[1] HealthRight, LLC, not a defendant in this case, was a telemedicine company which schemed with the present defendants. [Doc. 1 at ¶¶ 10, 19]. HealthRight and its owner, Scott Roix, were charged with various criminal offenses in this district. *See United States v. Scott Roix, and Healthright, LLC*, No. 2:18-cr-133 (E.D. Tenn.). They have pled guilty and are awaiting sentencing.

1

Two allege defendants introduced misbranded drugs in interstate commerce with the intent to defraud and mislead in violation of 21 U.S.C. §§ 331(a), 353(b)(1), and 333(a)(2). [*Id.* at 39-40].

## II. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003). Section 636(b) allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A).

A district court applies a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters. *See Curtis*, 237 F.3d at 603 (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *see also* 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F.Supp.2d 603, 605 (W.D. Tenn. 2009) (internal quotation marks omitted). Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable. *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles,* 75 F.Supp.2d 835, 839 (W.D. Tenn. 1999) (citations omitted). "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)); *see* 32 Am.Jur.2d Federal

Courts § 140 (2018) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

### III. Motion for a Bill of Particulars

Defendants moved for a bill of particulars. [Docs. 103, 114]. The Magistrate Judge[2] denied defendants' motion in a May 3, 2019 order. [Doc. 132]. Pending before the Court is defendants' joint appeal of the Magistrate Judge decision. [Doc. 141].

The Court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to give a defendant key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise at trial." *United States v. Page*, 575 Fed. App'x 641, 643 (6th Cir. 2014); *see also United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (setting out three purposes of a bill of particulars: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes"). It is meant "as a tool to minimize surprise," not to entitle the defendant "to discover all the overt acts that might be proven at trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The decision to grant a bill of particulars "is within the sound discretion of the trial court." *Id.* Put another way, a bill of particulars "is meant to apprise the defendant of the essential facts of a crime and should be required only where the charges of an indictment are so general that they do not advise a defendant of the specific acts of which he is accused." *United States v. Kerik*, 615 F. Supp. 2d 256, 277 (S.D.N.Y. 2009)

---

[2] At the time the orders, [Docs. 132; 133], were written, the Honorable Clifton L. Corker was a United States Magistrate Judge for the Eastern District of Tennessee; presently, Judge Corker is a United States District Court Judge for the Eastern District of Tennessee after his July 18, 2019 confirmation by the Senate and his July 22, 2019 commission.

(quotation marks and citation omitted).  "The bill of particulars is not intended as 'a means of learning the government's evidence and theories.'"  *United States v. Musick*, 291 Fed. App'x 706, 724 (6th Cir. 2008).

In the instant case, a grand jury indicted the defendants for their alleged roles in a health care fraud conspiracy with a telemedicine company in a thirty-two-count indictment charging counts of conspiracy, mail fraud, and introduction of misbranded drugs into interstate commerce. [Doc. 1].  Defendants argue that, in order to prepare for trial, they need information to narrow the scope of the allegations included in the indictment more precisely and request a bill of particulars under Federal Rule of Criminal Procedure 7(f).  [Doc. 141 at 6-8].

The Court finds that the forty-page indictment adequately informs the defendants of the "nature and cause of the accusation[s]" against them such that they may prepare a defense and avoid surprise at trial.  *Russell v. United* States, 369 U.S. 749, 761 (1962).  The Court agrees with the Magistrate Judge's conclusion that the three charging counts of the indictment capture each element to prove the offense under the corresponding statutes and provide specific dates for each charge.  [Doc. 132 at 4].  *See also* 18 U.S.C. §§ 1341, 1347; 21 U.S.C. §§ 331(a), 353(b)(1), 333(a)(2); [Doc. 1].

First, defendants seek particularization of the precise acts each defendant allegedly committed and the specific role each defendant allegedly fulfilled as part of its involvement in the conspiracy.  [Doc. 141 at 7].  The indictment provides defendants with pages of alleged overt acts encompassing the conduct of each defendant.  [Doc. 1 at 1-34].  Nevertheless, the Court finds defendants have access to information from other sources, such as the searchable 1.4 terabytes of data the government has provided defendants as part of discovery, that details the government's allegations as to each defendant's participation in the health care fraud conspiracy, and the other

charges alleged in the indictment. *See United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991) (holding that additional particularization is not necessary when the defendant has access to the details sought from other sources) *superseded on other gnds. by stat.*, *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue); [Doc. 125 at 43:9-10].

Next, defendants request particularization of the names of the individuals with whom defendants conspired. Specifically, "[o]f particular concern to Defendants' ability to prepare for trial is the Indictment's repeated references to additional unnamed other actors and conduct." [Doc. 141 at 6]. However, the Sixth Circuit has held the government is not required to furnish in a bill of particulars the names of co-conspirators or other persons present when a defendant allegedly participated in a conspiracy. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). As such, the government is not required to release the names of unidentified co-conspirators.

Defendants also seek "specification as to exactly what conduct the Government alleges to be criminal[.]" [Doc. 141 at 10]. More particularly, defendants contend that "[m]ost of the discovery has not been indexed and is not searchable. Given the massive volume of unsearchable data, Defendants cannot adequately prepare for trial without a more manageable discovery production." [*Id.* at 11]. The Sixth Circuit has reinforced that a bill of particulars is not intended to force the government to disclose or identify its trial evidence and it is not a way for the defense to become versed in the prosecution's theory of the case. *Salisbury*, 983 F.2d at 1375; *United States v. Vassar*, 346 Fed. App'x 17, 21 (6th Cir. 2009); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). As noted by the Magistrate Judge in his decision, the scope of discovery has narrowed from seven terabytes of data to 1.4 terabytes of well-organized, searchable data. [Doc. 132 at 4-5]. The Court finds these details as well as the clear allegations alleged in the indictment are sufficient for defendants to prepare their defense.

Finally, defendants challenge the clarity of the indictment by arguing references to inflated average wholesale prices and four specific Florida statutes in the indictment lack the specificity required for a proper defense. The Court declines to substantively engage in a discussion of these arguments. Defendants' contention related to the state statutes referenced in the indictment has been previously decided in the Court's memorandum opinion denying defendants' motions to dismiss. [Doc. 175]. As to the references in the indictment of inflated average wholesale prices, the Court has determined, at the July 15, 2019 hearing, that this particular argument concerning the inflated prices would be better suited to a motion in limine at a later date.

Consequently, the Court finds a bill of particulars is not necessary for defendants to avoid surprise at trial. The government has previewed much of its case for defendants. Moreover, the government has laid out precisely how it contends defendants participated in the conspiracy in the manner and means section of the forty-page indictment. [Doc. 1]. The Court finds the charges, along with the discovery and other information available to defendants, sufficiently inform them of the allegations against which they must defendant. For the foregoing reasons, the Court does not find the Magistrate Judge decision contrary to law, and the defendants' challenge to the Magistrate Judge Order is OVERRULED. [Doc. 141].

**IV.     Motion to Strike Surplusage in the Indictment**

Defendants jointly moved to strike surplusage in the indictment [Doc. 104]. In a May 3, 2019 order, the Magistrate Judge denied defendants' motion. [Doc. 132]. Defendants subsequently appealed the Magistrate Judge decision. [Docs. 140; 142]. The Court heard argument on this matter in a July 15, 2019 hearing.

Defendants challenge the Magistrate Judge decision upholding the indictment's unduly prejudicial references. [Doc. 142 at 10-17]. Defendants attack references in the indictment that

defendants engaged in money laundering, as "irrelevant and prejudicial because money laundering was not charged." [*Id.* at 10]. Further, defendants contend allegations in the indictment regarding inflated average wholesale prices "will simply be used to inflame and mislead the jury," because the term is improper and without factual support. [*Id.* at 13-14]. Finally, defendants request the Court to strike all language that makes the alleged conspiracy appear much larger than what was charged, as it is unduly prejudicial to the defendants. [*Id.* at 15-17].

During the July 15, 2019 hearing on this particular motion, the Court noted, and the parties agreed, that these arguments would be better suited to a motion in limine at a later date. As such, the Court will not substantively engage in these arguments.

### V. Conclusion

For the foregoing reasons, the Court concludes defendants have failed to demonstrate that a bill of particulars is warranted under Federal Rule of Criminal Procedure 7(f). Defendants' appeal of the Magistrate Judge decision denying defendants' joint motion for a bill of particulars, [Doc. 141], is **OVERRULED**, because the Court FINDS that the Magistrate Judge order, [Doc. 132], is not clearly erroneous or contrary to law. Accordingly, it is hereby ORDERED that the Magistrate Judge's order is **AFFRIMED**. [Doc. 132].

Defendants' Appeal of the Magistrate Judge decision denying defendants' motion to strike surplusage in the indictment, [Docs. 140; 142], is **DENIED as MOOT**.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
